PAUL J. CAMBRIA, JR.,
LIPSITZ, GREEN, FAHRINGER,
ROLL, SALISBURY & CAMBRIA, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202-3901
Telephone Number:(716) 849-1333

H. LOUIS SIRKIN
JENNIFER M. KINSLEY
Sirkin Pinales & Schwartz LLP
105 West Fourth Street, Suite 920
Cincinnati, Ohio 45202
Telephone: (513) 721-4876

ARTHUR W. SCHWARTZ
MICHAEL W. GROSS
Schwartz & Goldberg PC
1225 17th Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 893-2500

Attorneys for Plaintiffs,

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| ) | |
| ) | |
| **FREE SPEECH COALITION, INC.** ) | **Case No.: 05-CV-1126 WDM –BNB** |
| **ON ITS OWN BEHALF AND ON BEHALF** ) | **Judge Walker D. Miller** |
| **OF ITS MEMBERS,** ) | |
| ) | |
| **Free Speech Coalition of Colorado** ) | |
| **ON ITS OWN BEHALF AND ON BEHALF** ) | **AMENDED COMPLAINT FOR** |
| **OF ITS MEMBERS,** ) | **DECLARATORY** |
| ) | **AND INJUNCTIVE RELIEF** |
| **DAVID CONNORS,** ) | |
| ) | |
| **LENJO, INC. D/B/A NEW BEGINNINGS** ) | |
| **LTD.** ) | |
| ) | |
| **Plaintiffs,** ) | |



v.                                )
                                  )
                                  )
ALBERTO GONZALES, IN HIS CAPACITY )
AS ATTORNEY GENERAL OF THE        )
UNITED STATES,                    )
                                  )
        Defendant.                )
                                  )
_____ )
                                  )
                                  )
                                  )
                                  )
                                  )
                                  )
                                  )
                                  )
                                  )
                                  )

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Now Comes Plaintiffs, the Free Speech Coalition, the Free Speech Coalition of Colorado, David Connors, and Lenjo, Inc. d/b/a New Beginnings Ltd., which for their complaint against Defendants, state as follows:

## PRELIMINARY STATEMENT

1.        This is an action brought by the Free Speech Coalition, the Free Speech Coalition of Colorado, David Connors, and Lenjo, Inc. d/b/a New Beginnings Ltd., to permanently enjoin enforcement of 18 U.S.C. 2257 and the Attorney General's regulations set forth in 28 C.F.R. Part 75, which are effective June 23, 2005.  The

Attorney General has made sweeping changes to burdensome record-keeping and labeling regulations that have been in place since 1992 and, after a regulation revision process that took the Department of Justice more than one year to complete, has given the entire adult entertainment industry only thirty (30) days to comply with the new rules.

2.     Plaintiffs seek to enjoin enforcement of a regulatory scheme that forces producers of films, magazines, websites, and other adult entertainment matters to maintain personal information dossiers on adult actors and actresses who perform in visual depictions governed by 18 U.S.C. § 2257 and its implementing regulations, and to disclose those dossiers to an infinite number of other persons who are able to claim a need for such information under the Attorney General's regulations.  Plaintiffs oppose the government-mandated widespread dissemination of adult performers' legal names and dates of birth, as well as performers' picture identification documents that often contain sensitive personal information such as legal names, residence addresses, telephone numbers, and Social Security numbers.

3.     Plaintiffs also contend that 18 U.S.C. § 2257 and 28 C.F.R. Part 75 violate their First Amendment rights by eliminating the presumption that expression by adult performers is lawful under the United States Constitution, and by conditioning the exercise of Plaintiffs' rights to create and disseminate non-obscene adult-oriented material to other adults on compliance with an onerous record-keeping system that requires producers to maintain not only detailed personal information dossiers that jeopardize the privacy and safety of adult actors and actresses, but also obligates producers to collect and archive

copies of millions of regulated images of adults engaged in sexually explicit conduct with other adults.

4.      Further, Plaintiffs challenge the retroactive application of certain of the Attorney General's rules that will prohibit the distribution of regulated materials that were previously in compliance with the rules governing the production and distribution of adult works since 1992.  Plaintiffs also contend that, as the Tenth Circuit Court of Appeals ruled in *Sundance Associates, Inc. v. Reno,* 193 F.3d 804 (10th Cir. 1998), Congress did not give the Attorney General authority to extend the scope of 18 U.S.C. §2257 to the class of persons known under the regulations as "secondary producers," and that the Attorney General's adoption of the final rules effective June 23, 2005 is *ultra vires* in other respects.

5.      Plaintiffs are adamantly opposed to child pornography, and they do not seek to interfere with the government's efforts to combat real sexual exploitation of children.  Plaintiffs, in fact, support organized efforts to eliminate child pornography. However, 18 U.S.C. §2257 and 28 C.F.R. Part 75 place enormous burdens on the exercise of free speech rights by adults, and accomplish little in the way of child protection. Consequently, Plaintiffs seek to enjoin the enforcement of a regulatory scheme that undermines fundamental speech, privacy, and due process rights protected by the Constitution of the United States.

## **JURISDICTION**

6.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343, in that Plaintiffs are seeking declaratory and injunctive relief under 28 U.S.C. §2201 and 2202.

7.      This Court may enter a declaratory judgment as provided in 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57.   Injunctive relief may be granted as provided by Federal Rule of Civil Procedure 65.

## VENUE

8.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (e). Plaintiffs Free Speech Coalition and Lenjo, Inc. d/b/a New Beginnings Ltd. reside and/or do business in this District.

## PARTIES

9.      Plaintiff Free Speech Coalition is a trade association which was founded in 1991 and incorporated in the state of California.  The mission of the Free Speech Coalition is to assist its members in the exercise of their First Amendment rights and in the defense of those rights against censorship.  The Free Speech Coalition represents more than six hundred businesses and individuals involved in the production, distribution, sale and presentation of non-obscene, adult–oriented materials.  The Free Speech Coalition and its members do not advocate or tolerate the production or distribution of child pornography and have assisted in the eradication of such materials by offering and awarding an award of up to ten thousand dollars in cash to any person providing information leading to the arrest and conviction of persons involved in child pornography.  Members of the Free Speech Coalition include filmmakers, producers, distributors, wholesalers, retailers and Internet providers located throughout the United States.

10.    The Free Speech Coalition of Colorado is a member chapter of the Free Speech Coalition, Inc., and it has an address of 1901 West Littleton Boulevard, Littleton, Colorado 80120.

11.    Plaintiff Lenjo, Inc. d/b/a New Beginnings Ltd. [hereinafter "New Beginnings"], is a California corporation whose principal place of business is 12445 Gladstone Avenue, Sylmar, California, 91342.  New Beginnings has been a wholesale distributor of materials of an adult, sexually-oriented nature since approximately October of 1986.  The items made available for sale by New Beginnings include videotapes, DVDs, magazines, and novelties whose content and/or packaging may contain depictions of actual human beings engaging in actual sexually explicit conduct.  These items are made available for sale to retail outlets across the United States, including, but not limited to, adult-oriented retail outlets.  Specifically, New Beginnings has several clients located within the State of Colorado.  New Beginnings produces printed fliers and a buyer's guide that contain advertisements and depictions of available products.  These advertisements and depictions include reproductions of visual depictions of actual humans engaging in actual sexually explicit conduct.  Additionally, New Beginnings maintains a website, NewBeginnings.com, which provides advertisements and depictions of available products for wholesale clients with a pre-approved access code.  These advertisements and depictions include digitized visual images of actual human beings engaging in actual sexually explicit conduct.  The president and CEO of New Beginnings is Leonard Friedlander.  Mr. Friedlander is a founding member of the Free Speech Coalition and has

served as president and a member of the board for several years.  He is currently
president emeritus of the organization.

12.    Plaintiff David Conners resides at 3969 Mahaila Avenue, San Diego,
California, 92122-5770.  Mr. Conners has been a member of the Free Speech Coalition for
approximately eight years.  Since March 3, 1996, Mr. Conners has created forty-one
motion pictures whose content includes visual depictions of actual humans engaging in
actual sexually explicit conduct, through his production company, Dave Cummings
Productions. He has also performed in various visual depictions of actual sexually explicit
conduct. These movies, in videotape and DVD format, have been distributed on a
nationwide basis.  Additionally, Mr. Connors is an owner of approximately 600 websites,
which provide digital images that depict actual human beings engaging in actual sexually
explicit conduct.

13.    Defendant, Alberto Gonzales, is the Attorney General of the United States.
In that capacity, he adopted the challenged provisions of 28 C.F.R. Part 75.

## STATUTORY AND REGULATORY HISTORY

14.    On October 21, 1988, the Child Protection and Obscenity Enforcement
Act of 1988, Pub.L. No. 100-690, 102 Stat. 4181, 4485-4503 (1988), was passed by
Congress on the recommendation of the Attorney General's Commission on
Pornography.  The Act included recordkeeping provisions for producers of material
containing visual depictions of performers engaging in sexually explicit acts, requiring
such to ascertain, maintain and publish information regarding the age of the performers.
These recordkeeping proscriptions of the Act are codified at 18 U.S.C. § 2257.

15.     After certain parts of 18 U.S.C. § 2257 were found unconstitutional, and its enforcement enjoined, by the District Court for the District of Columbia, Congress enacted the Child Protection Restoration and Penalties Enhancement Act of 1990, Pub.L. No. 101-647, 104 Stat. 4789, 4816-17 (1990), which amended various portions of 18 U.S.C. § 2257.

*16.*     On April 24, 1992, the Attorney General issued regulations implementing the statutory framework of 18 U.S.C. § 2257, as amended.  57 Fed. Reg. 15017, 15021 (1992), codified at 28 C.F.R. § 75, *et. seq.*

17.     The Government has acknowledged that July 3, 1995, is the effective date for compliance with 18 U.S.C. § 2257.

18.     On April 30, 2003, Congress further amended 18 U.S.C. § 2257 by enacting the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today (PROTECT) Act of 2003, Pub.L. 108-21, 117 Stat. 650.

19.     In light of the 2003 amendments to Section 2257, the Attorney General proposed changes to the regulations of 28 C.F.R. § 75.  On June 25, 2004 the proposed changes were published and comments were sought until August 24, 2004.

20.     On May 24, 2005, the Attorney General published the final rule amending 28 C.F.R. § 75.1, *et seq.*, at 70 F.R. 29607.  The regulations established within the final rule become effective June 23, 2005.

# THE 2005 AMENDMENTS TO 28 C.F.R. PART 75

21.      For those required to submit the record-keeping provisions of the 18 U.S.C. § 2257, the final rule promulgated by the Attorney General effects substantial changes to 28 C.F.R. § 75.

22.      As promulgated, 28 C.F.R. § 75.1 of the Attorney General's rules effective June 23, 2005 provides:

> (a) Terms used in this part shall have the meanings set forth in 18 U.S.C. 2257, and as provided in this section. The terms used and defined in these regulations are intended to provide common-language guidance and usage and are not meant to exclude technologies or uses of these terms as otherwise employed in practice or defined in other regulations or federal statutes (i.e., 47 U.S.C. 230, 231).
>
> (b) Picture identification card means a document issued by the United States, a State government or a political subdivision thereof, or a United States territory, that bears the photograph and the name of the individual identified, and provides sufficient specific information that it can be accessed from the issuing authority, such as a passport, Permanent Resident Card (commonly known as a ``Green Card''), or other employment authorization document issued by the United States, a driver's license issued by a State or the District of Columbia, or another form of identification issued by a State or the District of Columbia; or, a foreign government-issued equivalent of any of the documents listed above when both the person who is the subject of the picture identification card and the producer maintaining the required records are located outside the United States.
>
> (c) Producer means any person, including any individual, corporation, or other organization, who is a primary producer or a secondary producer.
>
> (1) A primary producer is any person who actually films, videotapes, photographs, or creates a digitally- or computer-manipulated image, a digital image, or picture of, or digitizes

an image of, a visual depiction of an actual human being engaged in actual sexually explicit conduct.

(2) A secondary producer is any person who produces, assembles, manufactures, publishes, duplicates, reproduces, or reissues a book, magazine, periodical, film, videotape, digitally- or computer-manipulated image, picture, or other matter intended for commercial distribution that contains a visual depiction of an actual human being engaged in actual sexually explicit conduct, or who inserts on a computer site or service a digital image of, or otherwise manages the sexually explicit content of a computer site or service that contains a visual depiction of an actual human being engaged in actual sexually explicit conduct, including any person who enters into a contract, agreement, or conspiracy to do any of the foregoing.

(3) The same person may be both a primary and a secondary producer.

(4) Producer does not include persons whose activities relating to the visual depiction of actual sexually explicit conduct are limited to the following:

(i) Photo or film processing, including digitization of previously existing visual depictions, as part of a commercial enterprise, with no other commercial interest in the sexually explicit material, printing, and video duplicators;

(ii) Mere distribution;

(iii) Any activity, other than those activities identified in paragraphs (c) (1) and (2) of this section, that does not involve the hiring, contracting for, managing, or otherwise arranging for the participation of the depicted performers;

(iv) A provider of web-hosting services who does not, and reasonably cannot, manage the sexually explicit content of the computer site or service; or

(v) A provider of an electronic communication service or remote computing service who does not, and reasonably cannot, manage the sexually explicit content of the computer site or service.

(d) Sell, distribute, redistribute, and re-release refer to commercial distribution of a book, magazine, periodical, film, videotape, digitally- or computer-manipulated image, digital image, picture, or other matter that contains a visual depiction of an actual human being engaged in actual sexually explicit conduct, but does not refer to noncommercial or educational distribution of such matter, including transfers conducted by bona fide lending libraries, museums, schools, or educational organizations.

(e) Copy, when used:

(1) In reference to an identification document or a picture identification card, means a photocopy, photograph, or digitally scanned reproduction, and

(2) When used in reference to a sexually explicit depiction means the sexually explicit image itself (e.g., a film, an image posted on a web page, an image taken by a webcam, a photo in a magazine, etc.).

(f) Internet means collectively the myriad of computer and telecommunications facilities, including equipment and operating software, which constitute the interconnected world-wide network of networks that employ the Transmission Control Protocol/Internet Protocol, or any predecessor or successor protocols to such protocol, to communicate information of all kinds by wire or radio.

(g) Computer site or service means a computer server-based file repository or file distribution service that is accessible over the Internet, World Wide Web, Usenet, or any other interactive computer service (as defined in 47 U.S.C. 230(f)(2)). Computer site or service includes without limitation, sites or services using hypertext markup language, hypertext transfer protocol, file transfer protocol, electronic mail transmission protocols, similar data transmission protocols, or any successor protocols, including but not limited to computer sites or services on the World Wide Web.

(h) URL means uniform resource locator.

(i) Electronic communications service has the meaning set forth in 18 U.S.C. 2510(15).

(j) Remote computing service has the meaning set forth in 18 U.S.C. 2711(2).

(k) Manage content means to make editorial or managerial decisions concerning the sexually explicit content of a computer site or service, but does not mean those who manage solely advertising, compliance with copyright law, or other forms of non-sexually explicit content.

(l) Interactive computer service has the meaning set forth in 47 U.S.C. 230(f)(2).

23.      As promulgated, 28 C.F.R. § 75.2 of the Attorney General's rules effective June 23, 2005 provides:

(a) Any producer of any book, magazine, periodical, film, videotape, digitally- or computer-manipulated image, digital image, picture, or other matter that contains a depiction of an actual human being engaged in actual sexually explicit conduct that is produced in whole or in part with materials that have been mailed or shipped in interstate or foreign commerce, or is shipped or transported or is intended for shipment or transportation in interstate or foreign commerce and that contains one or more visual depictions of an actual human being engaged in actual sexually explicit conduct made after July 3, 1995 shall, for each performer portrayed in such visual depiction, create and maintain records containing the following:

(1) The legal name and date of birth of each performer, obtained by the producer's examination of a picture identification card. For any performer portrayed in such a depiction made after July 3, 1995, the records shall also include a legible copy of the identification document examined and, if that document does not contain a recent and recognizable picture of the performer, a legible copy of a picture identification card. For any performer portrayed in such a depiction after June 23, 2005, the records shall include

(i)      A copy of the depiction, and

(ii) Where the depiction is published on an Internet computer site or service, a copy of any URL associated with the depiction or, if no URL is associated with the depiction, another uniquely identifying reference associated with the location of the depiction on the Internet.

(2) Any name, other than each performer's legal name, ever used by the performer, including the performer's maiden name, alias, nickname, stage name, or professional name. For any performer portrayed in such a depiction made after July 3, 1995, such names shall be indexed by the title or identifying number of the book, magazine, film, videotape, digitally- or computer-manipulated image, digital image, picture, URL, or other matter. Producers may rely in good faith on representations by performers regarding accuracy of the names, other than legal names, used by performers.

(3) Records required to be created and maintained under this part shall be organized alphabetically, or numerically where appropriate, by the legal name of the performer (by last or family name, then first or given name), and shall be indexed or cross-referenced to each alias or other name used and to each title or identifying number of the book, magazine, film, videotape, digitally- or computer-manipulated image, digital image, picture, URL, or other matter.

(b) A producer who is a secondary producer as defined in Sec.75.1(c) may satisfy the requirements of this part to create and maintain records by accepting from the primary producer, as defined in Sec.  75.1(c), copies of the records described in paragraph (a) of this section. Such a secondary producer shall also keep records of the name and address of the primary producer from whom he received copies of the records.

(c) The information contained in the records required to be created and maintained by this part need be current only as of the time the primary producer actually films, videotapes, or photographs, or creates a digitally or computer-manipulated image, digital image, or picture, of the visual depiction of an actual human being engaged in actual sexually explicit conduct. If the producer subsequently produces an additional book, magazine, film, videotape, digitally- or computer-manipulated image, digital image, or picture, or other matter (including but not limited to Internet computer site or services) that contains one or more visual

depictions of an actual human being engaged in actual sexually explicit conduct made by a performer for whom he maintains records as required by this part, the producer may add the additional title or identifying number and the names of the performer to the existing records maintained pursuant to Sec. 75.2(a)(2).

(d) For any record created or amended after June 23, 2005, all such records shall be organized alphabetically, or numerically where appropriate, by the legal name of the performer (by last or family name, then first or given name), and shall be indexed or cross-referenced to each alias or other name used and to each title or identifying number of the book, magazine, film, videotape, digitally- or computer-manipulated image, digital image, or picture, or other matter (including but not limited to Internet computer site or services). If the producer subsequently produces an additional book, magazine, film, videotape, digitally- or computer-manipulated image, digital image, or picture, or other matter (including but not limited to Internet computer site or services) that contains one or more visual depictions of an actual human being engaged in actual sexually explicit conduct made by a performer for whom he maintains records as required by this part, the producer shall add the additional title or identifying number and the names of the performer to the existing records and such records shall thereafter be maintained in accordance with this paragraph.

(e) Records required to be maintained under this part shall be segregated from all other records, shall not contain any other records, and shall not be contained within any other records.

(f) Records required to be maintained under this part may be kept either in hard copy or in digital form, provided that they include scanned copies of forms of identification and that there is a custodian of the records who can authenticate each digital record.

24.    As promulgated, 28 C.F.R. § 75.3 of the Attorney General's rules

effective June 23, 2005 provides:

Records required to be maintained under this part shall be categorized alphabetically, or numerically where appropriate, and retrievable to: All name(s) of each performer, including any alias, maiden name, nickname, stage name or

professional name of the performer; and according to the title, number, or other similar identifier of each book, magazine, periodical, film, videotape, digitally- or computer-manipulated image, digital image, or picture, or other matter (including but not limited to Internet computer site or services). Only one copy of each picture of a performer's picture identification card and identification document must be kept as long as each copy is categorized and retrievable according to any name, real or assumed, used by such performer, and according to any title or other identifier of the matter.

25.        As promulgated, 28 C.F.R. § 75.4 of the Attorney General's rules effective June 23, 2005 provides:

Any producer required by this part to maintain records shall make such records available at the producer's place of business. Each record shall be maintained for seven years from the date of creation or last amendment or addition. If the producer ceases to carry on the business, the records shall be maintained for five years thereafter. If the producer produces the book, magazine, periodical, film, videotape, digitally- or computer-manipulated image, digital image, or picture, or other matter (including but not limited to Internet computer site or services) as part of his control of or through his employment with an organization, records shall be made available at the organization's place of business. If the organization is dissolved, the individual who was responsible for maintaining the records on behalf of the organization, as described in Sec. 75.6(b), shall continue to maintain the records for a period of five years after dissolution.

26.        As promulgated, 28 C.F.R. § 75.5 of the Attorney General's rules effective June 23, 2005 provides:

(a) Authority to inspect. Investigators authorized by the Attorney General (hereinafter ``investigators'') are authorized to enter without delay and at reasonable times any establishment of a producer where records under Sec. 75.2 are maintained to inspect during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, for the purpose of

determining compliance with the record-keeping requirements of the Act and any other provision of the Act (hereinafter ``investigator'').

(b) Advance notice of inspections. Advance notice of record inspections shall not be given.

(c) Conduct of inspections.

(1) Inspections shall take place during the producer's normal business hours and at such places as specified in Sec. 75.4. For the purpose of this part, ``normal business hours'' are from 9 a.m. to 5 p.m., local time, Monday through Friday, or any other time during which the producer is actually conducting business relating to producing depiction of actual sexually explicit conduct. To the extent that the producer does not maintain at least 20 normal business hours per week, producers must provide notice to the inspecting agency of the hours during which records will be available for inspection, which in no case may be less than twenty (20) hours per week.

(2) Upon commencing an inspection, the investigator shall:

(i)    Present his or her credentials to the owner, operator, or agent in charge of the establishment;

(ii) Explain the nature and purpose of the inspection, including the limited nature of the records inspection, and the records required to be kept by the Act and this part; and

(iii) Indicate the scope of the specific inspection and the records that he or she wishes to inspect.

(3) The inspections shall be conducted so as not to unreasonably disrupt the operations of the producer's establishment.

(4) At the conclusion of an inspection, the investigator may informally advise the producer of any apparent violations disclosed by the inspection. The producer may bring to the attention of the investigator any pertinent information regarding the records inspected or any other relevant matter.

(d) Frequency of inspections. A producer may be inspected once during any four-month period, unless there is a reasonable suspicion to believe that a violation of this part has occurred, in which case an

additional inspection or inspections may be conducted before the four-month period has expired.

(e) Copies of records. An investigator may copy, at no expense to the producer, during the inspection, any record that is subject to inspection.

(f) Other law enforcement authority. These regulations do not restrict the otherwise lawful investigative prerogatives of an investigator while conducting an inspection.

(g) Seizure of evidence. Notwithstanding any provision of this part or any other regulation, a law enforcement officer may seize any evidence of the commission of any felony while conducting an inspection.

27.    As promulgated, 28 C.F.R. § 75.6 of the Attorney General's rules

effective June 23, 2005 provides:

> (a) Any producer of any book, magazine, periodical, film, videotape, digitally- or computer-manipulated image, digital image, or picture, or other matter (including but not limited to Internet computer site or services) that contains one or more visual depictions of an actual human being engaged in actual sexually explicit conduct made after July 3, 1995, and produced, manufactured, published, duplicated, reproduced, or reissued on or after July 3, 1995, shall cause to be affixed to every copy of the matter a statement describing the location of the records required by this part. A producer may cause such statement to be affixed, for example, by instructing the manufacturer of the book, magazine, periodical, film, videotape, digitally- or computer-manipulated image, digital image, picture, or other matter to affix the statement.

> (b) Every statement shall contain:

> (1) The title of the book, magazine, periodical, film, or videotape, digitally- or computer-manipulated image, digital image, picture, or other matter (unless the title is prominently set out elsewhere in the book, magazine, periodical, film, or videotape, digitally- or computer-manipulated image, digital image, picture, or other matter) or, if there is no title, an identifying number or similar identifier that differentiates this matter from other matters which the producer has produced;

(2) The date of production, manufacture, publication, duplication, reproduction, or reissuance of the matter; and,

(3) A street address at which the records required by this part may be made available. The street address may be an address specified by the primary producer or, if the secondary producer satisfies the requirements of Sec. 75.2(b), the address of the secondary producer. A post office box address does not satisfy this requirement.

(c) If the producer is an organization, the statement shall also contain the name, title, and business address of the individual employed by such organization who is responsible for maintaining the records required by this part.

(d) The information contained in the statement must be accurate as of the date on which the book, magazine, periodical, film, videotape, digitally or computer-manipulated image, digital image, picture, or other matter is produced or reproduced.

(e) For the purposes of this section, the required statement shall be displayed in typeface that is no less than 12-point type or no smaller than the second-largest typeface on the material and in a color that clearly contrasts with the background color of the material. For any electronic or other display of the notice that is limited in time, the notice must be displayed for a sufficient duration and of a sufficient size to be capable of being read by the average viewer.

28.    As promulgated, 28 C.F.R. § 75.7 of the Attorney General's rules effective June 23, 2005 provides:

(a) Any producer of any book, magazine, periodical, film, videotape, digitally- or computer-manipulated image, digital image, picture, or other matter may cause to be affixed to every copy of the matter a statement attesting that the matter is not covered by the record-keeping requirements of 18 U.S.C. 2257(a)-(c) and of this part if:

(1) The matter contains only visual depictions of actual sexually explicit conduct made before July 3, 1995, or is

produced, manufactured, published, duplicated, reproduced, or reissued before July 3, 1995;

(2) The matter contains only visual depictions of simulated sexually explicit conduct; or,

(3) The matter contains only some combination of the visual depictions described in paragraphs (a)(1) and (a)(2) of this section.

(b) If the primary producer and the secondary producer are different entities, the primary producer may certify to the secondary producer that the visual depictions in the matter satisfy the standards under paragraphs (a)(1) through (a)(3) of this section. The secondary producer may then cause to be affixed to every copy of the matter a statement attesting that the matter is not covered by the record-keeping requirements of 18 U.S.C. 2257(a)-(c) and of this part.

29.    As promulgated, 28 C.F.R. § 75.8 of the Attorney General's rules effective June 23, 2005 provides:

(a) All books, magazines, and periodicals shall contain the statement required in Sec. 75.6 or suggested in Sec. 75.7 either on the first page that appears after the front cover or on the page on which copyright information appears.

(b) In any film or videotape which contains end credits for the production, direction, distribution, or other activity in connection with the film or videotape, the statement referred to in Sec. 75.6 or Sec. 75.7 shall be presented at the end of the end titles or final credits and shall be displayed for a sufficient duration to be capable of being read by the average viewer.

(c) Any other film or videotape shall contain the required statement within one minute from the start of the film or videotape, and before the opening scene, and shall display the statement for a sufficient duration to be read by the average viewer.

(d) A computer site or service or Web address containing a digitally- or computer-manipulated image, digital image, or picture, shall contain the required statement on its homepage, any known major entry points, or principal URL (including the principal URL of a subdomain), or in a separate window that opens upon the viewer's clicking a hypertext link that states, ``18 U.S.C. 2257 Record-Keeping Requirements Compliance Statement.''

(e) For all other categories not otherwise mentioned in this section, the statement is to be prominently displayed consistent with the manner of display required for the aforementioned categories.

## FIRST CLAIM
### (For Declaratory Relief)

30.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

31.     There is an actual controversy between the parties.

32.     Adult-oriented expression that does not depict children is presumptively protected by the First Amendment of the United States Constitution.

33.     18 U.S.C. § 2257 restrains in advance the dissemination of protected speech by requiring that those engaged in the creation or distribution of expression containing visual depictions of actual sexually explicit conduct must create a dossier for each work that registers the identities, aliases, and identification documents of all adult performers involved in the presumptively protected expression before it may be disseminated to others.

34.     Before otherwise constitutionally protected expression depicting actual sexually explicit conduct by adult performers may be disseminated to adult consumers,

18 U.S.C. § 2257 also requires that the dossier of personal information regarding the adult performers depicted in the performance be indexed or cross-referenced by various personal identifiers of the performers and by the names of those works in which the performer has engaged in expression involving the depiction of actual sexually explicit conduct.

35.    Before otherwise constitutionally protected expression depicting actual sexually explicit conduct by adult performers may be distributed to adult consumers, 18 U.S.C. § 2257 requires that all expressive work depicting such conduct be labeled with information detailing where the performers' dossiers of personal information may be found by government agents.

36.    Unless the required performer dossiers are kept in the form mandated by the government, and unless the expressive work containing a visual depiction of actual sexually explicit conduct is labeled to show where government agents may find the performer dossiers, it is not lawful to create such expressive works or disseminate them to adult consumers.

37.    18 U.S.C. § 2257 has created a presumption that otherwise lawful expressive works containing visual depictions of adult performers engaged in actual sexually explicit conduct cannot be lawfully produced or disseminated to adult consumers unless the dossier and label required by 18 U.S.C. § 2257 are created and maintained.

38.    18 U.S.C. § 2257 vitiates the protections of the First Amendment by conditioning the creation and dissemination of expressive works containing visual

depictions of adult performers engaged in actual sexually explicit conduct on a producer's compliance with the record-keeping and labeling obligations of the statute, thereby burdening constitutionally protected speech with a presumption of unlawfulness that may be overcome only by the producer's production of the dossiers and label mandated by law.

39.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that 18 U.S.C. § 2257 violates the First Amendment of the United States Constitution by conditioning the lawfulness of the making and dissemination of protected expression containing visual depictions of adult performers engaging in actual sexually explicit conduct on the producer's creating and maintaining the performer personal information dossiers and labels required by the statute.

## <u>SECOND CLAIM</u>
### (For Declaratory Relief)

40.    Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

41.    There is an actual controversy between the parties.

42.    18 U.S.C. § 2257, together with the definitions set forth in 18 U.S.C. § 2256, targets the content of adult-oriented expression.

43.    As a content oriented restriction of protected speech, 18 U.S.C. § 2257 is subject to constitutional strict scrutiny analysis.

44.    18 U.S.C. § 2257 is not narrowly tailored to advance a compelling government interest by the least restrictive means.

45.    The government does not have a compelling interest in requiring the creation and maintenance of information dossiers identifying and describing adults who have performed in an expressive work's visual depiction of actual sexually explicit conduct.

46.    The creation of information dossiers on thousands of adult performers, regardless of even advanced adult age, does not promote a compelling government interest relating to the protection of children.

47.    The labeling of expressive works containing visual depictions of adult performers engaged in actual depictions of sexually explicit conduct to show where the performers' information dossiers may be found does not promote a compelling government interest relating to the protection of children.

48.    18 U.S.C. § 2257 is not narrowly tailored to burden only expression that endangers children.

49.    Indeed, requiring twenty-, thirty-, forty-, fifty-, and sixty-year old performers to divulge personal information and identification documents to producers of regulated expressive works is not a narrowly tailored means of promoting a legitimate and compelling government interest in child protection.

50.    Requiring producers to maintain information dossiers on twenty-, thirty-, forty-, fifty-, and sixty-year old performers in regulated expressive works is not a narrowly tailored means of promoting a legitimate and compelling government interest in child protection.

51.     Requiring all regulated expressive works to bear a label describing the location at which government agents may find adult performer information dossiers is not a narrowly tailored means of promoting a legitimate and compelling government interest in child protection.

52.     The most effective and narrowly tailored means of advancing a government interest in child protection is to enforce existing child pornography laws.

53.     Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that 18 U.S.C. § 2257 violates the First Amendment to the United States Constitution.

## THIRD CLAIM
### (For Declaratory Relief)

54.     Plaintiffs repeat and reallege to foregoing paragraphs as if fully set forth herein.

55.     There is an actual controversy between the parties.

56.     A prior restraint of speech is presumptively unconstitutional.

57.     18 U.S.C. § 2257 imposes an unlawful prior restraint of protected speech without any of the procedural safeguards constitutionally-required to prevent suppression of protected speech.

58.     18 U.S.C. § 2257 restrains lawful expression in advance of both its creation and its dissemination by prohibiting producers of expressive works that contain visual depictions of actual sexually explicit conduct from creating and distributing such works without maintaining dossiers of personal information for every

performer in such a visual depiction, and without first labeling their expressive works with information describing where government agents may find such information.

59.    18 U.S.C. § 2257 restrains lawful speech in advance by conditioning an adult performer's First Amendment right to engage in sexually explicit expression in works regulated by the statute on the disclosure of personal information and identification documents to third parties for preservation in a dossier that will be made available to government agents and an infinite number of members of the public through the secondary producer record-keeping requirement of the Attorney General's regulations.

60.    The restrictions placed on otherwise lawful speech by 18 U.S.C. § 2257 constitute prior restraints of expression deemed presumptively unconstitutional under the First Amendment.

61.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that 18 U.S.C. § 2257 violates the rights guaranteed by the First Amendment of the United States Constitution.

## FOURTH CLAIM
### (For Declaratory Relief)

62.    Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

63.    There is an actual controversy between the parties.

64.    18 U.S.C. § 2257, together with the definitions set forth in 18 U.S.C. § 2256, requires producers of visual depictions of actual sexually explicit conduct to obtain and

record age identification for all performers in such visual depictions, regardless of the age of the performers.

65.     18 U.S.C. § 2257, together with the definitions set forth in 18 U.S.C. § 2256, requires producers of visual depictions of actual sexually explicit conduct to obtain and record the legal name, date of birth, maiden name, and all stage names, professional names, nicknames, and aliases of performers in such visual depictions regardless of the age of the performers.

66.     18 U.S.C. § 2257, together with the definitions set forth in 18 U.S.C. § 2256, require hundreds of American film and photographic production companies to create and maintain dossiers of personal information on thousands of their fellow adult Americans who perform in visual depictions of actual sexually explicit conduct, as well as on foreign performers in such visual depictions.

67.     18 U.S.C. § 2257 burdens the speech of producers and performers covered by the statute by conditioning the exercise of their speech rights as adults on their compliance with a costly and labor intensive record-keeping and labeling system that is more harmful to First Amendment and privacy rights than it is helpful to advancing any purported child protection benefit.

68.     The predominate intent of 18 U.S.C. § 2257, together with the definitions set forth in 18 U.S.C. § 2256, is interference with, and suppression of, expression protected by the First Amendment of the United States Constitution.

69.     18 U.S.C. § 2257, together with the definitions set forth in 18 U.S.C. § 2256, does not promote a substantial government interest.

70.    18 U.S.C. § 2257, together with the definitions set forth in 18 U.S.C. § 2256, is not narrowly tailored to achieve a substantial and legitimate government purpose.

71.    18 U.S.C. § 2257, together with the definitions set forth in 18 U.S.C. § 2256, does not allow for adequate alternative avenues of communication.

72.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that 18 U.S.C. § 2257, together with the definitions set forth in 18 U.S.C. § 2256, violates plaintiffs' rights to freedom of expression as guaranteed by the First Amendment of the United States Constitution.

## FIFTH CLAIM
### (For Declaratory Relief)

73.    Plaintiffs repeat and reallege the foregoing paragraphs as if set forth herein.

74.    There is an actual controversy between the parties.

75.    The First Amendment of the United States Constitution prohibits substantially overbroad restrictions of constitutionally protected speech.

76.    18 U.S.C. § 2257, together with the definitions set forth in 18 U.S.C. § 2256, burdens all adult expression containing visual depictions of sexually explicit conduct created after July 3, 1995, with record-keeping and labeling obligations.

77.    The burdens of record-keeping and labeling duties imposed by 18 U.S.C. § 2257 fall primarily on commercial producers and adult actors who *do not* engage in business practices that involve or endanger children in any way.

78.     The record-keeping and labeling obligations imposed by 18 U.S.C. § 2257 burden far more constitutionally protected expression than is necessary to promote the government's purported child protection objective.

79.     Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that 18 U.S.C. § 2257, together with the definitions set forth in 18 U.S.C. § 2256, is a substantially overbroad restriction of expression protected by the First Amendment of the United States Constitution.

## SIXTH CLAIM
### (For Declaratory Relief)

80.     Plaintiffs repeat and reallege the foregoing paragraphs as if set forth herein.

81.     There is an actual controversy between the parties.

82.     18 U.S.C. § 2257(e)(1) requires that "[a]ny person to whom subsection (a) applies shall cause to be affixed to every copy of any matter described in paragraph (1) of subsection (a) of this section, in such manner and in such form as the Attorney General shall by regulations prescribe, a statement describing where the records required by this section with respect to all performers depicted in that copy of the matter may be located. "

83.     28 C.F.R. § 75.6 (a)(2) requires that the label mandated by 18 U.S.C. § 2257 (e)(1) must contain the "date of production, manufacture, publication, duplication, reproduction, or reissuance of the matter."

84.    Neither 18 U.S.C. § 2257 nor 28 C.F.R. Part 75 require that the records maintained pursuant to the statute and the regulation contain a date of production, manufacture, duplication, reproduction, or reissuance of regulated visual depictions of actual sexually explicit conduct.

85.    Because neither 18 U.S.C. § 2257 nor 28 C.F.R. Part 75 require that regulated visual depictions of actual sexually explicit conduct be labeled with a date of original production or that the records kept in relation to such visual depictions contain any original date of production, the records required to be kept pursuant to 18 U.S.C. § 2257 will not guarantee that the Government is able to ascertain whether all performers in regulated visual depiction were adults on the date of production.

86.    Therefore, 18 U.S.C. § 2257 and 28 C.F.R. Part 75 impose on producers of regulated visual depictions of actual sexually explicit conduct unduly burdensome record-keeping and labeling obligations that do not advance a Government interest in protecting children.

87.    18 U.S.C. § 2257 and 28 C.F.R. Part 75 do not promote a compelling governmental interest by the least restrictive means.

88.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that 18 U.S.C. § 2257 and 28 C.F.R. Part 75 violate Plaintiff's rights to freedom of expression as guaranteed by the First Amendment of the United States Constitution.

# SEVENTH CLAIM
## (For Declaratory Relief)

89.     Plaintiffs repeat and reallege the foregoing paragraphs as if set forth herein.

90.     There is an actual controversy between the parties.

91.     18 U.S.C. § 2257(e)(1) requires that "[a]ny person to whom subsection (a) applies shall cause to be affixed to every copy of any matter described in paragraph (1) of subsection (a) of this section, in such manner and in such form as the Attorney General shall by regulations prescribe, a statement describing where the records required by this section with respect to all performers depicted in that copy of the matter may be located. "

92.     28 C.F.R. § 75.6 (a)(2) requires that the label mandated by 18 U.S.C. § 2257 (e)(1) must contain the "date of production, manufacture, publication, duplication, reproduction, or reissuance of the matter."

93.     Neither 18 U.S.C. § 2257 nor 28 C.F.R. Part 75 require that the records maintained pursuant to the statute and the regulation contain a date of production, manufacture, duplication, reproduction, or reissuance of regulated visual depictions of actual sexually explicit conduct.

94.     Because neither 18 U.S.C. § 2257 nor 28 C.F.R. Part 75 require that regulated visual depictions of actual sexually explicit conduct be labeled with a date of original production of the visual depictions or that the records kept in relation to such visual depictions contain any original date of production, the records required to be kept

pursuant to 18 U.S.C. § 2257 will not guarantee that the Government is able to ascertain whether all performers in regulated visual depiction were adults on the date of production.

95.    Therefore, 18 U.S.C. § 2257 and 28 C.F.R. Part 75 impose on producers of regulated visual depictions of actual sexually explicit conduct unduly burdensome record-keeping and labeling obligations that do not advance a substantial govermental interest in protecting children.

96.    18 U.S.C. 2257 and 28 C.F.R. Part 75 are not narrowly tailored to advance a substantial governmental interest while leaving open adequate alternative avenues of communication.

97.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that 18 U.S.C. § 2257 and 28 C.F.R. Part 75 violate Plaintiffs' rights to freedom of expression as guaranteed by the First Amendment of the United States Constitution.

## <u>EIGHTH CLAIM</u>
### (For Declaratory Relief)

98.    Plaintiffs repeat and reallege the foregoing paragraphs as if set forth herein.

99.    There is an actual controversy between the parties.

100.    The Attorney General has adopted final rules that are set forth in 28 C.F.R. Part 75, and are effective June 23, 2005.

101.     28 C.F.R. § 75.2  of the Attorney General's final rules effective June 23, 2005, requires that producers of materials regulated under 18 U.S.C. § 2257 and 28 C.F.R. Part 75 obtain and maintain certain records relating to performers in visual depictions of actual sexually explicit conduct.

102.     The term "Producers" is defined in  18 U.S.C. § 2257(h)(3) as:

> [t]o produce, manufacture, or publish any book, magazine, periodical, film, video tape, computer generated image, digital image, or picture, or other similar matter and includes the duplication, reproduction, or reissuing of any such matter, but does not include mere distribution or any other activity which does not involve hiring, contracting for managing, or otherwise arranging for the participation of the performers depicted.

103.     28 C.F.R. § 75.1(c) defines a "producer" as "any person including any individual, corporation, or other organization, who is a primary producer or a secondary producer."

104.     28 C.F.R. § 75.1(c)(1) describes a primary producer as "any person who actually films, videotapes, photographs, or creates a digitally- or computer-manipulated image, a digital image, or picture of, or digitizes an image of, a visual depiction of an actual human being engaged in actual sexually explicit conduct."

105.     28 C.F.R. § 75.1(c)(2) describes a secondary producer as "any person who produces, assembles, manufactures, publishes, duplicates, reproduces, or reissues a book, magazine, periodical, film, videotape, digitally- or computer-manipulated image, picture, or other matter intended for commercial distribution that contains a visual depiction of an actual human being engaged in actual sexually explicit conduct, or who inserts on a computer site or service a digital image of, or otherwise

manages the sexually explicit content of a computer site or service that contains a visual depiction of an actual human being engaged in actual sexually explicit conduct, including any person who enters into a contract, agreement, or conspiracy to do any of the foregoing."

106.    28 C.F.R. § 75.1(c)(4)(ii), "producer" does not include persons whose activities relating to the visual depiction of actual sexually explicit conduct are limited to "mere distribution."

107.    28 C.F.R. § 75.1(c)(4)(iii), exempts "[a]ny activity, other than those activities identified in paragraphs (c) (1) and (2) of this section, that does not involve the hiring, contracting for, managing, or otherwise arranging for the participation of the depicted performers."

108.    The Attorney General's regulatory definition of "producer" fails to exclude persons from that class that are required to be excluded by 18 U.S.C. § 2257(h)(3).

109.    By excluding "mere distribution or any other activity which does not involve hiring, contracting for, managing, or otherwise arranging for the participation of the performers depicted" in 18 U.S.C. § 2257(h)(3), Congress explicitly restricted the application of 18 U.S.C. § 2257 to only those persons whose activities in relation to visual depiction of actual sexually explicit conduct involve hiring, contracting for, managing, or otherwise arranging for the participation of the performers in such depictions.

110.    Contrary to the express direction of Congress, 28 C.F.R. § 75.1 (c), imposes the 18 U.S.C. § 2257 record-keeping and labeling obligations on primary and

secondary producers whose conduct <u>does</u> <u>not</u> involve hiring, contracting for, managing, or otherwise arranging for the participation of performers in visual depictions regulated by 18 U.S.C. § 2257.

111.     In *Sundance Associates, Inc. v. Reno*, 139 F.3d 804 (1998), the Tenth Circuit Court of Appeals examined the clear statutory language used by Congress to exempt certain persons from the application of 18 U.S.C. § 2257 and affirmed the judgment of the United States District Court for the District of Colorado, concluding that the Attorney General had exceeded her authority to adopt regulations implementing 18 U.S.C. § 2257.

112.     The Tenth Circuit Court of Appeals held in *Sundance Associates, Inc. v. Reno,* 139 F.3d at 811,, that the 28 C.F.R. § 75.1(c)(4)(iii) clause stating "other than those activities identified in paragraphs (c)(1) and (2) of this section" should be stricken so that the Attorney General's regulations implementing 18 U.S.C. § 2257 will not apply to persons whose activities relating to the visual depiction of actual sexually explicit conduct are limited to "any activities that do not involve the hiring, contracting for, managing, or otherwise arranging for the participation of the depicted performers."

113.     Section 75.1(c)(4)(iii) of the Attorney General's regulations effective June 23, 2005, retains the exact clause stricken by the Tenth Circuit Court of Appeals in 1998, thereby impermissibly expanding the class of persons whom Congress intended to regulate under 18 U.S.C. § 2257.

114.     The application of 18 U.S.C. § 2257 and 28 C.F.R. Part 75 to persons whose activities relating to visual depictions of actual sexually explicit conduct are

limited to mere distribution or any other activity that does not involve hiring, contracting for, managing, or otherwise arranging for the participation of the performers depicted exceeds the express will of Congress as evidenced in 18 U.S.C. § 2257.

115.    In 2003, Congress amended portions of 18 U.S.C § 2257, but did not alter the exemption language that the Tenth Circuit Court of Appeals found determinative in *Sundance Associates, Inc. v. Reno, supra.*

116.    The Attorney General is not authorized to adopt regulations that are inconsistent with legislation enacted by Congress.

117.    28 C.F.R. § 75.1(c) of the Attorney General's regulations effective June 23, 2005, extends the legal obligations of 18 U.S.C. § 2257 and the associated Attorney General's regulations to persons that Congress specifically exempted from regulations under 18 U.S.C. § 2257, the adoption of such regulations was, therefore, an *ultra vires* act by the Attorney General.

118.    28 C.F.R. § 75.1(c) regulates persons Congress expressly exempted from regulation under 18 U.S.C. § 2257.

119.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the legal obligations of 18 U.S.C. § 2257 and 28 C.F.R. Part 75 do not apply to persons whose activities relating to visual depictions of actual sexually explicit conduct are limited to mere distribution or any other activity that does not involve hiring, contracting for, managing or otherwise arranging for the performers depicted in such visual depictions.

# NINTH CLAIM
## (For Declaratory Relief)

120.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

121.     There is an actual controversy between the parties.

122.     The final rule adopted by the Attorney General takes effect on June 23, 2005, and substantially changes the Attorney General's rules under 18 U.S.C. § 2257 that have been in place since 1992.

123.     Since 1992, those persons considered "producers" under the Attorney General's regulations have been required to maintain records in the manner mandated by the Attorney General.   Under those regulations, producers were not required to obtain the legal name and date of birth of each performer in a visual depiction of sexually explicit conduct from a picture identification card.  Further, producers were not required to keep copies of such visual depictions.

124.     The 2005 amendments to 28 C.F.R. § 75.2(a)(1) effective June 23, 2005, require, for any performer in a visual depiction of actual sexually explicit conduct made after July 3, 1995, that the producer obtain the performer's legal name and date of birth only from a picture identification card, which is defined in 28 C.F.R. § 75.1(b) to mean:

> Picture identification card means a document issued by the United States, a State government or a political subdivision thereof, or a United States territory, that bears the photograph and the name of the individual identified, and provides sufficient specific information that it can be accessed from the issuing authority, such as a passport, Permanent Resident Card (commonly known as a ``Green Card''), or other employment authorization document issued

> by the United States, a driver's license issued by a State or
> the District of Columbia, or another form of identification
> issued by a State or the District of Columbia; or, a foreign
> government-issued equivalent of any of the documents listed
> above when both the person who is the subject of the picture
> identification card and the producer maintaining the required
> records are located outside the United States.

125.    Prior to the Attorney General's 2005 amendments to 28 C.F.R. Part 75, producers were permitted to obtain a performer's legal name and date of birth from a much more expansive list of both "identification documents" as described in 18 U.S.C. 1028(d) and picture identification cards (including school and private employer identification cards) defined in the former 28 C.F.R. § 75.1(b).

126.    However, the 2005 amendments to the Attorney General's regulations will require, as of June 23, 2005, that all visual depictions of actual sexually explicit conduct created during the last almost ten  years be supported by information taken from a state or federal picture identification card (or a similar foreign government picture identification card in limited circumstances) and, where the identification document examined does not contain a photograph of the performer, a copy of a picture identification card that complies with the new, more restrictive regulations.

127.    Further, the 2005 amendments to 28 C.F.R. § 75.2(a)(1) also require, for any performer in a visual depiction of actual sexually explicit conduct made after July 3, 1995, who is portrayed in such a depiction after June 23, 2005, that the producer maintain copies of every such depiction in the performer's 18 U.S.C.  § 2257 dossier, even though copies of such depictions were not required prior to the 2005 amendments of the Attorney General's regulations.

128.    Consequently, hundreds of thousands of movies, videotapes, digital versatile disks (DVDs), magazines, and Internet images produced in reliance on the current Attorney General's regulations will soon be subject to onerous new regulations that did not exist when the visual depictions were originally made.

129.    If producers do not comply with the retroactive requirements of 28 C.F.R. § 75.2(a)(1), dissemination of existing visual depictions that were compliant under the rules that governed prior to June 23, 2005 will become unlawful after that date.

130.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the retroactive provisions of 28 C.F.R. § 75.2(a)(1) that take effect June 23, 2005, are unconstitutional *ex post facto* regulations.

## TENTH CLAIM
## (For Declaratory Relief)

131.    Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

132.    There is an actual controversy between the parties.

133.    With respect to every performer portrayed in a visual depiction of actual sexually explicit conduct, 18 U.S.C. § 2257(b)(1) allows a producer regulated by the statute to "ascertain, by examination of an identification document containing such information, the performer's name and date of birth, and require the performer to provide such other indicia of his or her identity as may be prescribed by regulations."

134.    "Identification document" as defined in 18 U.S.C. § 2257(h)(2) "has the meaning given that term in section 1028(d) of this title."

135.      18 U.S.C. § 1028(d) provides:

> [T]he term "identification document" means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, a political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

136.      Since 1992, the Attorney General's regulations have also allowed producers to ascertain the legal name and date of birth of a performer from examination of an identification document.

137.      However, in the final rule adopted by the Attorney General on May 17, 2005, which is effective June 23, 2005, 28 C.F.R. § 75.2(a)(1) of the regulations requires that a producer regulated by 18 U.S.C. § 2257 must ascertain the legal name and date of birth of a performer <u>only</u> from examination of a "picture identification card."

138.      28 C.F.R. § 75.1(b) of the final rule that takes effect on June 23, 2005, defines "picture identification card" as follows:

> Picture identification card means a document issued by the United States, a State government or a political subdivision thereof, or a United States territory, that bears the photograph and the name of the individual identified, and provides sufficient specific information that it can be accessed from the issuing authority, such as a passport, Permanent Resident Card (commonly known as a "Green Card"), or other employment authorization document issued by the United States, a driver's license issued by a State or the District of Columbia, or another form of identification issued by a State or the District of Columbia; or a foreign government-issued equivalent of any of the documents listed above when both the person who is the subject of the picture

identification card and the producer maintaining the required
records are located outside the United States.

139.    28 C.F.R. § 75.1(b) and 28 C.F.R. § 75.2(a)(1) operate in conjunction to

override the explicit direction of Congress that producers governed by 18 U.S.C. § 2257

be permitted to ascertain the legal name and address of a performer from an

identification document described in 18 U.S.C. § 1028(d).

140.    In its response to comments on the proposed form of the 2005 rule

amendments, the Attorney General dismissed Congress's direction that producers be

allowed to examine identification documents defined in 18 U.S.C. § 1028(d) as merely

redundant in light of the final rule's definition of "picture identification card."

141.    The Attorney General has exceeded his authority under 18 U.S.C. § 2257

to promulgate regulations implementing the statutory objectives by eliminating the

identification documents chosen by Congress as a means of identifying the legal name

and date of birth of a performer.

142.    In exceeding his authority under 18 U.S.C. § 2257, the Attorney General

has promulgated a final rule that is far more burdensome and restrictive than the

statutory scheme enacted by Congress, especially as to foreign performers and foreign

productions of expressive works.

143.    By the terms of 28 C.F.R. § 75.2(a)(1), and the definition of "picture

identification card" set forth in 28 C.F.R. § 75.1(b), under the Attorney General's rules

effective on June 23, 2005, foreign actors will not be permitted to perform in visual

depictions of actual sexually explicit conduct unless they can produce an American

government picture identification card or both they and the producer maintaining the required 18 U.S.C. § 2257 records are located outside the United States.

144.    Under the Attorney General's final rule effective June 23, 2005, producers who are located in the United States and keep their 18 U.S.C. § 2257 records here are prohibited by 28 C.F.R. § 75.2(a)(1) from filming foreign actors in visual depictions of actual sexually explicit conduct produced in a foreign country unless such foreign actors have picture identification cards issued by an American governmental entity described in 28 C.F.R. 75.1(b).

145.    The picture identification card requirement of the Attorney General's final rule effective June 23, 2005, also applies retroactively to all visual depictions of actual sexually explicit conduct made after July 3, 1995.

146.    The Attorney General is not authorized to adopt regulations that are inconsistent with legislation enacted by Congress.

147.    In prohibiting producers from satisfying their obligation to obtain the legal name and date of birth of a performer by examination of any identification document permitted under 18 U.S.C. § 1028(d), the final rules of the Attorney General effective June 23, 2005, burden far more speech than permitted by Congress under 18 U.S.C. § 2257, and frustrate the clear will of Congress permitting examination of identification documents by producers.

148.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the Attorney General exceeded his authority to adopt regulations in furtherance of 18 U.S.C. § 2257, and, further, declaring that producers governed by 18 U.S.C. § 2257

may ascertain the legal name and date of birth of a performer by examining any identification document described in 18 U.S.C. § 1028(d).

## ELEVENTH CLAIM
### (For Declaratory Relief)

149.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

150.     There is an actual controversy between the parties.

151.     28 C.F.R. § 75.1(b) and 28 C.F.R. § 75.2(a)(1) of the final rules of the Attorney General effective June 23, 2005, allow a producer to ascertain the legal name and date of birth of a foreign performer who does not have a picture identification card issued by an American government listed in 28 C.F.R. § 75.1(b) only from examination of "a foreign government-issued equivalent of any of the documents listed above when both the person who is the subject of the picture identification card and the producer maintaining the required records are located outside the United States."

152.     The phrase "when both the person who is the subject of the picture identification card and the producer maintaining the required records are located outside the United States," is impermissibly vague because it does not temporally restrict its application.

153.     The average person reading 28 C.F.R. § 75.1(b) of the Attorney General's final rules cannot determine whether the "located outside the United States" requirement means permanently or temporarily or at the time the visual depiction is produced.

154.    The average person reading 28 C.F.R. § 75.1(b) of the Attorney General's final rules cannot determine whether a production company with its place of business in the United States would violate the rule by ascertaining, while in a foreign country, the legal name and date of birth of a foreign performer from examination of a foreign government-issued equivalent of an United States government-issued picture identification card, and then returning to the United States where it keeps its 18 U.S.C. § 2257 records.

155.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the foreign picture identification card requirements of 28 C.F.R. 75.1(b) and 28 C.F.R. § 75.2(a)(2) of the final rules of the Attorney General effective June 23, 2005, are impermissibly vague and violate the protections of the First and Fifth Amendments of the United States Constitution.

## TWELFTH CLAIM
### (For Declaratory Relief)

156.    Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

157.    There is an actual controversy between the parties.

158.    The picture identification card requirement of 28 C.F.R. 75.2(a)(2) of the Attorney General's final rules effective June 23, 2005, is substantially overbroad insofar as it burdens a substantial amount of protected expression without justification.

159.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. 2201 declaring that the picture identification card requirement of 28 C.F.R. 75.2(a)(2) of the Attorney

General's final rules effective June 23, 2005 is substantially overbroad in violation of the First Amendment of the United States Constitution.

## THIRTEENTH CLAIM
## (For Declaratory Relief)

160.    Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

161.    There is an actual controversy between the parties.

162.    18 U.S.C. § 2257 imposes record-keeping and labeling obligations on producers of visual depictions of "actual sexually explicit conduct."

163.    18 U.S.C. § 2256 (2)(A)(i) defines "sexually explicit conduct" to include, *inter alia*, "sadistic or masochistic abuse."

164.    18 U.S.C. § 2256 (2)(A)(i) and 18 U.S.C. § 2257 do not define what is meant by "sadistic or masochistic abuse."

165.    "Sadistic or masochistic abuse" is so vague that it deprives the ordinary person of notice of the scope of the application of the statute.

166.    18 U.S.C. § 2256 (2)(A)(i) and 18 U.S.C. § 2257 chill protected expression by failing to give constitutionally adequate notice of what the statues proscribe in reference to "sadistic or masochistic abuse."

167.    The vagueness on the phrase "sadistic or masochistic abuse" allows Government officials to apply the law in arbitrary or discriminatory ways.

168.     Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the phrase "sadistic or masochistic abuse" set forth in 18 U.S.C. § 2256 (2)(A)(i) is impermissibly vague in violation of the First and Fifth Amendments of the United States Constitution.

## FOURTEENTH CLAIM
### (For Declaratory Relief)

169.     Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

170.     An actual controversy exists between the parties.

171.     28 C.F.R. § 75.2(a)(1)(i) of the Attorney General's final rules effective June 23, 2005, requires that, for any performer portrayed in a visual depiction of actual sexually explicit conduct after June 23, 2005, producers governed by 18 U.S.C. § 2257 must keep a copy of the depiction in the records mandated by that statute.

172.     The final rules of the Attorney General effective June 23, 2005, do not define what is meant by the phrase "portrayed in such a depiction after June 23, 2005." This provision can be interpreted to apply only to a visual depiction actually made after June 23, 2005, or it can be interpreted to apply to any publication or reproduction after June 23, 2005, of a visual depiction actually made prior to that date.

173.     Consequently, producers governed by 18 U.S.C. § 2257 cannot determine by reading the Attorney General's final rules effective June 23, 2005, whether they will violate the Attorney General's regulations by not keeping a copy of a visual depiction

made before June 23, 2005, when publishing or reproducing such a depiction after that date.

174.     28 C.F.R. § 75.2(a)(1)(i) of the Attorney General's final rules does not provide notice of the scope of its application, and affords government officials undue discretion to enforce the regulations in an arbitrary, discriminatory, or inconsistent way.

175.     Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the copy requirement of 28 C.F.R. § 75.2(a)(1)(i) of the Attorney General's final rules effective June 23, 2005, is impermissibly vague in violation of the First and Fifth Amendments of the United States Constitution.

## FIFTEENTH CLAIM
### (For Declaratory Relief)

176.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

177.     There is an actual controversy between the parties.

178.     28 C.F.R. § 75.2(a)(1)(ii) of the Attorney General's final rules effective June 23, 2005, require that, for any performer portrayed in a visual depiction of actual sexually explicit conduct after June 23, 2005, where the depiction is published on an Internet computer site, the producer must make "a copy of any URL associated with the depiction or, if no URL is associated with the depiction, another uniquely identifying reference associated with the location of the depiction on the Internet."

179.     Pursuant to 28 C.F.R. § 75.1(h) of the final rules of the Attorney General effective June 23, 2005,  "URL" means "uniform resource locator."

180.    With respect to Internet imagery, a visual depiction may be "associated with" more than one URL.  The URL for a single Internet web page may access numerous visual depictions on the same page, and each of these depictions may be associated with individual URLs accessing larger versions of the same depiction.  28 C.F.R. § 75.2(a)(1)(ii) does not precisely describe which URL the Attorney General expects the producer to copy.

181.    Moreover, URLs are often generated automatically by computer programs that create millions of URLs in response to Internet user demand for access to material associated with particular URLs.  The same visual depiction may be associated with hundreds of automatically generated URLs, but the Attorney General's final rules do not specify which of these URLs should be "copied" into a producer's 18 U.S.C. § 2257 records.

182.    Further, the final rules of the Attorney General effective June 23, 2005, do not define what is meant by "a copy" of any URL associated with the depiction.

183.    "A copy of any URL associated with the depiction" can be equally interpreted to mean a record of purely the textual information contained in the URL designation, or a record containing a live link of the URL to the image on the Internet, or a record containing a URL-designated link to a copy of the image on a hard drive not connected to the Internet.

184.    A producer of visual depictions published on an Internet computer site has no way of knowing how to comply with the requirement that he maintain "a copy of any URL associated with the depiction."

185.     Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the "copy of any URL" requirement of 28 C.F.R. § 75.2(1)(a)(ii) of the Attorney General's final rules effective June 23, 2005, is impermissibly vague in violation of the First and Fifth Amendments of the United States Constitution.

## SIXTEENTH CLAIM
### (For Declaratory Relief)

186.     Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

187.     There is an actual controversy between the parties.

188.     28 C.F.R. § 75.2(a)(1)(i) of the Attorney General's final rules effective June 23, 2005, require that, for any performer portrayed in a visual depiction of actual sexually explicit conduct after June 23, 2005, the producer keep "a copy of the depiction" in the records required by 18 U.S.C. § 2257.

189.     As defined in 28 C.F.R. § 75.1(e)(2) of the Attorney General's final rules effective June 23, 2005, "copy" when used "in reference to a sexually explicit depiction means the sexually explicit image itself (e.g., a film, an image posted on a web page, an image taken by a webcam, a photo in a magazine, etc.)."

190.     By its terms, the 28 C.F.R. § 75.1(e) definition of "copy," when used by the Attorney General's final rules with respect to a sexually explicit depiction, appears to require that the producer keep the original depiction in his records, not a copy of the original depiction.

191.    Further, 28 C.F.R. § 75.2(f) of the Attorney General's final rules effective June 23, 2005, allows a producer to keep records required by 18 U.S.C. § 2257 in either hard copy or digital form, but does not explain how a producer keeping hard copy records related to Internet content will manage to keep "the sexually explicit image itself" in the hard copy record.

192.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the requirement of 28 C.F.R. § 75.2(a)(1)(i) of the Attorney General's final rules effective June 23, 2005, that, for any performer portrayed in a visual depiction of actual sexually explicit conduct after June 23, 2005, the producer must keep a copy of the depiction, is impermissibly vague in violation of the First and Fifth Amendments of the United States Constitution.

## SEVENTEENTH CLAIM
## (For Declaratory Relief)

193.    Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

194.    There is an actual controversy between the parties.

195.    28 C.F.R. § 75.2(a)(1)(i) of the Attorney General's final rules effective June 23, 2005, requires that a copy of every visual depiction of a performer portrayed in actual sexually explicit conduct after June 23, 2005 be made and kept in the producer's records every time the depiction is published or reproduced.

196.    28 C.F.R. § 75.2(a)(1)(ii) of the Attorney General's final rules effective June 23, 2005, requires that a copy of any URL associated with a visual depiction of a

performer portrayed in actual sexually explicit conduct after June 23, 2005, be kept in the producer's records every time the depiction is published on the Internet.

197.      The same visual depiction can be published or reproduced an infinite number of times.

198.      28 C.F.R. § 75.(2)(a)(1)(i) and (ii) of the Attorney General's final rules effective June 23, 2005, require producers to keep multiple copies of the same visual depiction and multiple copies of URLs associated with the same visual depiction.

199.      28 C.F.R. § 75.2(a)(1)(i) would require an individual producer to keep hundreds or thousands of copies of the same visual depiction, even when all of the performers in such a depiction are unquestionably adults.

200.      28 C.F.R. § 75.2(a)(1)(i) and (ii) of the Attorney General's final rules effective June 23, 2005, are content oriented restrictions of speech.

201.      28 C.F.R. § 75.2(a)(1)(i) and (ii) impose very substantial burdens on producers governed by 18 U.S. C. § 2257, but do not promote a compelling government interest by the least restrictive means.

202.      Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the copy retention requirements of 28 C.F.R. § 75.2 (a)(1)(i) and (ii) of the Attorney General's final rules effective June 23, 2005, cannot survive analysis under the strict scrutiny test of the First Amendment of the United States Constitution.

## EIGHTEENTH CLAIM
## (For Declaratory Relief)

203.    Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

204.    There is an actual controversy between the parties.

205.    28 C.F.R. § 75.2(a)(1)(i) of the Attorney General's final rules effective June 23, 2005, requires that a copy of every visual depiction of a performer portrayed in actual sexually explicit conduct after June 23, 2005 be made and kept in the producer's records every time the depiction is published or reproduced.

206.    28 C.F.R. § 75.2(a)(1)(ii) of the Attorney General's final rules effective June 23, 2005, requires that a copy of any URL associated with a visual depiction of a performer portrayed in actual sexually explicit conduct after June 23, 2005, be kept in the producer's records every time the depiction is published on the Internet.

207.    The same visual depiction can be published or reproduced an infinite number of times.

208.    28 C.F.R. § 75.(2)(a)(1)(i) and (ii) of the Attorney General's final rules effective June 23, 2005, will require producers to keep multiple copies of the same visual depiction and multiple copies of URLs associated with the same visual depiction.

209.    28 C.F.R. § 75.2(a)(1)(i) would require an individual producer to keep hundreds or thousands of copies of the same visual depiction, even when all of the performers in such a depiction are unquestionably adults.

210.    28 C.F.R. § 75.2(a)(1)(i) and (ii) of the Attorney General's final rules effective June 23, 2005, are not content neutral.

211.    28 C.F.R. § 75.2(a)(1)(i) and (ii) of the Attorney General's final rules effective June 23, 2005, impose very substantial burdens on producers governed by 18 U.S.C. § 2257, and are not narrowly tailored to promote a substantial government interest.

212.    28 C.F.R. § 75.2(a)(1)(i) and (ii) of the Attorney General's final rules effective June 23, 2005, do not allow for adequate alternative avenues of communication.

213.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. 2201 declaring that the copy retention requirements of 28 C.F.R. § 75.2(a)(1)(i) and (ii) of the Attorney General's final rules effective June 23, 2005, cannot survive analysis under the intermediate scrutiny test of the First Amendment of the United States Constitution.

## NINETEENTH CLAIM
### (For Declaratory Relief)

214.    Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

215.    There is an actual controversy between the parties.

216.    18 U.S.C. § 2257(e)(1) requires that a producer affix to every copy of a matter containing a visual depiction of sexually explicit conduct a statement describing where the records required by the statute with respect to all performers depicted in that copy of the matter may be located.

217.    18 U.S.C. § 2257(e)(1) provides that the Attorney General shall promulgate regulations prescribing the manner and form of the label required by the statute.

218.    28 C.F.R. § 75.6 of the Attorney General's final rules effective June 23, 2005, requires producers governed by 18 U.S.C. § 2257 to place a label on all regulated matter that identifies not only where the records required by the statute may be found, but also the title of the matter and the date on which the matter was produced, manufactured, published, duplicated, reproduced, or reissued.

219.    18 U.S.C. § 2257(e)(1) authorizes the Attorney General to prescribe the "manner and form" of the label required by the statute, but the content of such a label was expressly limited by Congress to the location where the required performer records may be found and, if the producer is an organization, the name, title, and business address of the individual employed by the organization who is responsible for maintaining the records.

220.    Insofar as the Attorney General requires that, as of June 23, 2005, the label required by 28 C.F.R. § 75.6 must contain both the title of the matter and its date of production, the final rule of the Attorney General exceeds the scope of the authority granted to him by Congress.

221.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the Attorney General's adoption of 28 C.F.R. § 75.6 of the final rules effective June 23, 2005, is an *ultra vires* act, and that the Attorney General is without authority to mandate that the labels required by 18 U.S.C. § 2257 contain the title of the matter and

the date of its production, manufacture, publication, duplication, reproduction, or reissuance.

# TWENTIETH CLAIM
## (For Declaratory Relief)

222.    Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

223.    There is an actual controversy between the parties.

224.    28 C.F.R. § 75.6(b)(2) of the Attorney General's final rules requires that the label affixed to matter containing visual depictions of actual sexually explicit conduct pursuant to 18 U.S.C. § 2257(e)(1) must contain "the date of production, manufacture, publication, duplication, reproduction, or reissuance of the matter."

225.    The 28 C.F.R. § 75.6 requirement that the required label contain "the date of production, manufacture, publication, duplication, reproduction, or reissuance of the matter" is impermissibly vague.

226.    The terms used in the challenged phrase are not defined in the Attorney General's regulations regarding 18 U.S.C. § 2257, and they do not provide sufficient notice as to which date must be declared by a producer regulated under 18 U.S.C. § 2257.

227.    Further, a primary producer of regulated matter under the Attorney General's regulations who also reissues the same regulated matter as a secondary producer cannot ascertain from a reading of the Attorney General's regulations which events should be considered the date of production.

228.      28 C.F.R. § 75.6(b)(2) does not adequately constrain the exercise of discretion by government officials charged with enforcing 18 U.S.C. § 2257 and its implementing regulations.

229.      Plaintiffs are entitled to a judgment declaring that the portion of 28 C.F.R. § 75.6(b)(2) that obligates producers to declare "the date of production, manufacture, publication, duplication, reproduction, or reissuance of the matter" is unduly vague in violation of the First and Fifth Amendments of the United States Constitution.

## TWENTY-FIRST CLAIM
### (For Declaratory Relief)

230.      Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

231.      There is an actual controversy between the parties.

232.      28 C.F.R. § 75.8 of the Attorney General's final rules effective June 23, 2005, prescribes the required location of the label describing where records kept pursuant to 18 U.S.C. § 2257 may be found.

233.      28 C.F.R. § 75.8(d) requires that, as of June 23, 2005, "a computer site or service or Web address containing a digitally- or computer-manipulated image, digital image, or picture, shall contain the required statement on its homepage, any known major entry points, or principal URL (including the principal URL of a subdomain), or in a separate window that opens upon the viewer's clicking a hypertext link that states, '18 U.S.C. § 2257 Record-Keeping Requirements Compliance Statement.'"

234.    The meaning of "homepage" as used in the final rule version of 28 C.F.R. § 75.8(d) is not defined.

235.    The meaning of "major known entry point" as used in the final rule version of 28 C.F.R. § 75.8(d) is not defined, and the Attorney General's final rules do not specify how to distinguish between a "major" and a "minor" known entry point to a computer site.

236.    The meaning of "principal URL" and "principal URL of a subdomain" is not defined in the final rules of the Attorney General effective June 23, 2005.

237.    28 C.F.R. § 75.8(d) of the Attorney General's final rules does not describe the required location of the hypertext link referred to in the phrase "separate window that opens upon the viewer's clicking a hypertext link."

238.    28 C.F.R. § 75.8(d) of the final rules of the Attorney General effective June 23, 2005, fails to provide adequate notice of the scope of the law's application, and fails to adequately constrain the exercise of discretion by the government officials charged with enforcing 18 U.S.C. § 2257 and its implementing regulations.

239.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the label location requirements of 28 C.F.R. § 75.8(d) of the Attorney General's final rules effective June 23, 2005, are impermissibly vague in violation of the First and Fifth Amendments to the United States Constitution.

# TWENTY-SECOND CLAIM
## (For Declaratory Relief)

240.    Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully

set forth herein.

241.    There is an actual controversy between the parties.

242.    28 C.F.R. § 75.8(b) of the Attorney General's final rules effective June 23,

2005, provides:

> In any film or videotape which contains end credits for the
> production, direction, distribution, or other activity in
> connection with the film or videotape, the statement referred
> to in Sec. 75.6 or 75.7 shall be presented at the end of the
> end titles or final credits and shall be displayed for a
> sufficient duration to be capable of being read by the
> average viewer.

243.    28 C.F.R. § 75.8(c) of the Attorney General's final rules effective June 23,

2005 provides:

> Any other film or videotape shall contain the required
> statement within one minute from the start of the film or
> videotape, and before the opening scene, and shall display
> the statement for a sufficient duration to be read by the
> average viewer.

244.    Plaintiffs and others commonly produce "compilation" videotapes, films,

and DVDs that contain multiple scenes containing visual depictions of actual sexually

explicit conduct from different movies.  The final rules adopted by the Attorney General

do not specify the appropriate method of labeling compilation videotapes, forcing the

producers of such compilations to either risk choosing the wrong method or foregoing

production altogether.

245.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the labeling provisions of 28 C.F.R. § 75.8 (b) and (c) of the Attorney General's final rules are impermissibly vague in violation of the First and Fifth Amendments of the United States Constitution, as applied to compilation videotapes, films, and DVDs.

## TWENTY-THIRD CLAIM
## (For Declaratory Relief)

246.    Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

247.    There is an actual controversy between the parties.

248.    The records that producers are required to maintain by 18 U.S.C. § 2257, including copies of visual depictions containing actual sexually explicit conduct, may not be used as evidence against any person with respect to any violation of law, except that such records may be used against a person accused of violating the obscenity laws contained in Chapter 71 of Title 18 of the United States Code, and the child pornography laws contained in Chapter 110 of Title 18 of the United States Code.

249.    The Fifth Amendment of the United States Constitution prohibits the government from compelling a person to be a witness against himself.

250.    The obligation to maintain records of the production of visual depictions of actual sexually explicit conduct imposed on a producer by 18 U.S.C. § 2257 and its regulations compels the producer to collect evidence that the government is authorized to use against him in a prosecution for a claimed violation of Chapter 71 or Chapter 110 of Title 18.

251.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the record-keeping duty imposed on producers by 18 U.S.C. § 2257 and its implementing regulations violates the constitutional protection against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution.

## TWENTY-FOURTH CLAIM
### (For Declaratory Relief)

252.    Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

253.    There is an actual controversy between the parties.

254.    18 U.S.C. § 2257 requires that a producer keep certain identifying information on each "performer" in a visual depiction of actual sexually explicit conduct.

255.    18 U.S.C. § 2257(h)(4) defines "performer" to include "any person portrayed in a visual depiction engaging in, or assisting another person to engage in, actual sexually explicit conduct."

256.    The statute does not define what is meant by "assisting another person to engage in" actual sexually explicit conduct.

257.    The scope of what could constitute "assisting another person to engage in" actual sexually explicit conduct is limitless.

258.    The phrase "assisting another person to engage in," is unduly vague as it is used in 18 U.S.C. § 2257(h)(3), and this vagueness may chill the expression of those who do not understand its scope.

259.     Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that 18 U.S.C. § 2257(h)(3) is unconstitutionally vague in violation of the First and Fifth Amendments of the United States Constitution insofar as it uses the phrase "assists another person to engage in" actual sexually explicit conduct.

## TWENTY-FIFTH CLAIM
## (For Declaratory Relief)

260.     Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

261.     There is an actual controversy between the parties.

262.     18 U.S.C. § 2257 and the final rules of the Attorney General effective June 23, 2005, and contained in 28 C.F.R. Part 75, unduly burden the speech of the plaintiffs in violation of the First Amendment to the United States Constitution.

263.     "Secondary producers" defined in 28 C.F.R. § 75.1(c)(2) are clearly exempt from the record-keeping and labeling obligations of 18 U.S.C. § 2257, yet the final rules adopted by the Attorney General impose these duties on them.

264.     In particular, secondary producers who relied on the Tenth Circuit Court of Appeals' decision in *Sundance Associates, Inc. v. Reno,* 139 F.3d 804 (10th Cir. 1998), face tremendous burdens in assembling and maintaining the performer identification dossiers the statute requires of primary producers.

265.     Producers who have placed visual depictions regulated by 18 U.S.C. § 2257 on computer sites are forced to shoulder the enormous burden of placing copies

of all of those depictions and all of their associated URLs in the records the statute requires to be maintained.

266.    The indexing requirement of 28 C.F.R. § 75.2(a)(2) and the categorization and retrievability requirements of 28 C.F.R. § 75.3, as those sections are set forth in the final rules of the Attorney General effective June 23, 2005, require the commitment of substantial time, effort, and money to meet the standards imposed by the Attorney General in his final rules.

267.    The requirement of 28 C.F.R. § 75.5(c)(1) of the Attorney General's final rules effective June 23, 2005, that a producer must maintain "at least 20 normal business hours per week" unduly burdens producers who do not engage in regulated production as a full-time business.

268.    The final rules requirement in 28 C.F.R. § 75.4 that the records required by 18 U.S.C. § 2257 and the Attorney General's rules be kept for seven years from the date of creation or the date of the last amendment or addition, and for five years after the producer ceases to carry on the business, imposes a heavy cost on protected speech in the form of labor and expense.

269.    The burdens imposed on producers by 18 U.S.C. § 2257 and 28 C.F.R. Part 75, as set forth in the final rules of the Attorney General effective June 23, 2005, are unwarranted and chill the exercise of First Amendment rights by law abiding citizens.

270.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that 18 U.S.C. § 2257 and the final rules of the Attorney General effective June 23,

2005, and set forth in 28 C.F.R. Part 75, violate the First Amendment to the United States Constitution.

## TWENTY-SIXTH CLAIM
## (For Declaratory Relief)

271.    Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

272.    There is an actual controversy between the parties.

273.    28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 2005, places unwarranted and unduly burdensome restrictions on presumptively protected adult expression, and does not reasonably advance purported child protection goals.

274.    28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 2005, are content-based restrictions of protected speech.

275.    28 C.F.R. Part 75 of the Attorney General's final rules does not promote a compelling government interest by the least restrictive means.

276.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring the 28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 2005 are content-based restrictions of speech that do not survive strict scrutiny under the First Amendment of the United States Constitution.

## TWENTY-SEVENTH CLAIM
### (For Declaratory Relief)

277.     Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

278.     There is an actual controversy between the parties.

279.     28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 2005, is not content neutral and is not narrowly tailored to achieve a substantial government interest.

280.     28 C.F.R Part of the Attorney General's final rules effective June 23, 2005, does not allow for adequate alternative avenues of communication.

281.     Plaintiffs are entitled to a judgment pursuant to 28 U.S.C § 2201 declaring that 28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 2005, is not a valid content neutral regulation of speech protected by the First Amendment of the United States Constitution.

## TWENTY-EIGHTH CLAIM
### (For Declaratory Relief)

282.     Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

283.     There is an actual controversy between the parties.

284.     28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 2005, burdens far more protected speech than is necessary to advance a purported child protection objective.

285.    28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 2005, is substantially overbroad.

286.    Plaintiffs are entitled to  a judgment pursuant to 28 U.S.C. § 2201 declaring that 28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 2005 is substantially overbroad in violation of the First Amendment of the United States Constitution.

## TWENTY-NINTH CLAIM
## (For Declaratory Relief)

287.    Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

288.    There is an actual controversy between the parties.

289.    18 U.S.C. § 257 and 28 C.F.R. Part 75 of the Attorney General's final rules require that producers governed by the statute and regulations collect and maintain a personal dossier of information on each actor or actress who performs in a regulated visual depiction of actual sexually explicit conduct.

290.    The secondary producer requirements of 28 C.F.R. § 75.1(c)(2) and 28 C.F.R. § 75.2 of the Attorney General's final rules effective June 23, 2005, require that all persons who qualify under the Attorney General's definition of "secondary producer" must obtain and maintain copies of the personal information dossiers of every performer in a regulated visual depiction published or reproduced by the secondary producer.

291.    Thousands of persons operating businesses that publish magazines, films, videotapes, DVDs, or who operate computer sites or websites on the Internet,

regularly publish or reproduce visual depictions of adult performers engaged in actual sexually explicit conduct obtained from primary producers, and are, therefore, secondary producers as defined by 28 C.F.R. § 75.1(c)(2) of the Attorney General's final rules effective June 23, 2005.

292.    All of these thousands of secondary producers must obtain a copy of the personal information dossier for all of the performers in regulated visual depictions that the secondary producers publish or reproduce.

293.    Neither 18 U.S.C. § 2257 nor the 28 C.F.R. Part 75 regulations set forth in the Attorney General's final rules effective June 23, 2005, mandate privacy protection measures guaranteed to protect the performers from improper dissemination of their personal information and abuse or misuse of the information contained in records maintained as required by 18 U.S.C. § 2257 and the Attorney General's regulations.

294.    Consequently, all of the thousands of secondary producers required to obtain and maintain a copy of the performers' personal information dossiers will have access to the performers' legal names, dates of birth, maiden names, stage names, professional names, and aliases.

295.    Further, because 18 U.S.C. § 2257 and 28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 2005, require that copies of picture identification cards and/or identification documents be kept in the performers' personal information dossiers, all of these many secondary producers will have access to information such as performers' driver's license numbers, performers' residence addresses, performers'

home and business telephone numbers, performers' Social Security numbers, and other very sensitive personal information.

296.     The personal information regarding performers that is contained in the files required to be maintained on them by the 18 U.S.C. § 2257 and its implementing Attorney General's regulations can be readily misused and improperly disseminated by any of the thousands of secondary producers to whom the statute and the Attorney General's regulatory scheme mandate disclosure.

297.     The widespread disclosure of performers' sensitive personal information required by 18 U.S.C. § 2257 and the Attorney General's regulations, including foreign performers, also conflicts with privacy rights afforded individuals by the European Union, Canada, and various other nations.

298.     Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the personal information collection and disclosure requirements of 18 U.S.C. § 2257 and 28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 2005, violate the rights of performers in regulated visual depictions to privacy, liberty, and due process of law as guaranteed by the United States Constitution.

## THIRTIETH CLAIM
### (For Declaratory Relief)

299.     Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

300.     There is an actual controversy between the parties.

301.    28 C.F.R. § 75.6(b)(2) of the Attorney General's final rules effective June 23, 2005, require that the label mandated by 18 U.S.C. § 2257(e) contain the street address at which the records required to be maintained under 18 U.S.C. § 2257 may be made available.

302.    18 U.S.C. § 2257(e)(2) and 28 C.F.R. § 75.6(c) specify that the label required by 18 U.S.C. § 2257(e)(1) must contain the name, title, and business address of the individual responsible for maintaining performer personal information records if the producer is an organization.

303.    Many producers regulated under 18 U.S.C. § 2257 and 28 C.F.R. Part 75 operate such businesses out of their homes.

304.    18 U.S.C. § 2257 and 28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 2005, violate the privacy rights of the custodian of records of organizational producers by requiring public disclosure of their names, titles, and addresses in the label required to be affixed to every regulated visual depiction of actual sexually explicit conduct

305.    18 U.S.C. § 2257 and 28 C.F.R. Part 75 of the Attorney General's final rules effective June 23, 1005 violate the privacy rights of producers who operate regulated businesses in their homes and are required to disclose their residence addresses in the label required to be affixed to every regulated visual depiction of actual sexually explicit conduct.

306.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the disclosure provisions of 18 U.S.C. § 2257(e)(2) and 28 C.F.R. § 75.6(b)(2) of

the Attorney General's final rules effective June 23, 2005, violate the rights of producers regulated by the statute and its implementing regulations to privacy, liberty, and due process of law as guaranteed by the United States Constitution.

## THIRTY-FIRST CLAIM
### (For Declaratory Relief)

307.     Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

308.     There is an actual controversy between the parties.

309.     28 C.F.R. § 75.5(a) of the Attorney General's final rule effective June 23, 2005 authorizes warrantless searches of any establishment, including a home or residential location, where the records required by 18 U.S.C. § 2257 are kept.  Plaintiffs have a reasonable expectation of privacy in the private areas of their businesses and in their homes.

310.     These investigations are permitted to occur absent any probable cause or particularized suspicion to believe that the records are out-of-order, incorrect, or non-compliant.

311.     In addition, under 28 C.F.R. § 75.5(b), no advance notice is given that inspections will occur, creating the distinct possibility that agents will arrive at inconvenient times or during private events, thereby disrupting the producer's personal and professional activities.

312.     Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the inspection provisions of 28 C.F.R. § 75.5 are unconstitutional in violation of the Fourth Amendment to the United States Constitution.

## THIRTY-SECOND CLAIM
### (For Declaratory Relief)

313.     Plaintiffs repeat and reallege the foregoing paragraphs as if they are fully set forth herein.

314.     There is an actual controversy between the parties.

315.     28 C.F.R. Part 75 violates the provisions of international laws and treaties governing the protection of private information and copyright.

316.     One such law is the Berne Convention for the Protection of Literary and Artistic Works, which mandates that the United States extend the full panoply of its domestic copyright protections to foreign producers who circulate their works in the United States.

317.     By excluding foreign-issued identification cards from the list of approved documents to verify a performer's age and identity, 28 C.F.R. § 75.1(b) eliminates the ability of foreign nationals to create expressive works depicting sexually explicit conduct in the United States.

318.     In addition, by requiring the disclosure of personal information without a performer's consent, 28 C.F.R. § 75.2(b) violates the Canadian Personal Information Protection and Electronic Documents Act and the European Union Data Protection Directive of 1998.

319.    Plaintiffs are entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that the disclosure and identification document provisions of 28 C.F.R. §§ 75.1(b) and 75.2(b) violate international law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the Free Speech Coalition and its members, the Free Speech Coalition of Colorado and its members, and David Connors, and Lenjo, Inc. d/b/a New Beginnings Ltd., herby demand judgment as follows:

1.    A declaration that 18 U.S.C. § 2257 violates the First Amendment of the United States Constitution by eliminating the presumption that adult expression by adult performers is lawful;

2.    A declaration that 18 U.S.C. § 2257 does not advance a compelling government interest by the least restrictive means in violation of the First Amendment of the United States Constitution;

3.    A declaration that 18 U.S.C. § 2257 violates the First Amendment of the United States Constitution by imposing an unlawful prior restraint on the speech of performers and producers regulated by the statute;

4.    A declaration that 18 U.S.C. § 2257 is not a valid content neutral restriction of speech that is narrowly tailored to achieve a substantial government interest while allowing for adequate alternative avenues of communication, in violation of the First Amendment of the United States Constitution;

5.      A declaration that 18 U.S.C. § 2257 is overbroad in violation of the First Amendment of the United States Constitution;

6.      A declaration that 18 U.S.C. §2257 and 28 C.F.R Part 75 are unconstitutional content oriented restrictions of speech insofar as neither the statute nor its associated regulations mandate that the label and the records required by 18 U.S.C. §2257 must contain the original dates of production for regulated visual depictions of actual sexually explicit conduct;

7.      A declaration that 18 U.S.C. §2257 and 28 C.F.R Part 75 are not lawful content neutral restrictions of speech because neither the statute nor its associated regulations mandate that the label and the records required by 18 U.S.C. §2257 must contain the original dates of production of regulated visual depictions of actual sexually explicit conduct;

8.      A declaration that the legal obligations of 18 U.S.C. § 2257 and 28 C.F.R. Part 75 do not apply to persons whose activities relating to visual depictions of actual sexually explicit conduct are limited to mere distribution or any other activity that do not involve hiring, contracting for, managing or otherwise arranging for the performers depicted in such visual depictions;

9.      A declaration that the retroactive provisions of 28 C.F.R. § 75.2(a)(1) that take effect June 23, 2005 are unconstitutional *ex post facto* regulations;

10.     A declaration that the Attorney General exceeded his authority to adopt regulations in furtherance of 18 U.S.C. § 2257 and, further, that producers governed by

18 U.S.C. § 2257 may ascertain the legal name and date of birth of a performer by examining any identification document described in 18 U.S.C. § 21028(d);

11.      A declaration that the foreign picture identification card requirements of 28 C.F.R. § 75.1(b) and 28 C.F.R. § 75.2(a)(2) of the final rules of the Attorney General effective June 23, 2005 are impermissibly vague in violation of the First and Fifth Amendments to the United States Constitution;

12.      A declaration that the picture identification card requirement of 28 C.F.R. § 75.2(a)(2) of the Attorney General's final rules effective June 23,2005 is substantially overbroad;

13.      A declaration that the phrase "sadistic or masochistic abuse" set forth in 18 U.S.C. §2256 (2)(A)(i) is impermissibly vague in violation of the First and Fifth Amendments of the United States Constitution;

14.      A declaration that 28 C.F.R. § 75.2(a)(1)(i) of the Attorney General's final rules effective June 23, 2005 is impermissibly vague in violation of the First and Fifth Amendments to the United States Constitution;

15.      A declaration that the "copy of any URL" requirement of 28 C.F.R. § 75.2(1)(a)(ii) of the Attorney General's final rules effective June 23, 2005, is impermissibly vague in violation of the First and Fifth Amendments of the United States Constitution;

16.      A declaration that the 28 C.F.R. § 75.2(a)(1)(i) requirement that the producer keep a copy of each regulated visual depiction is impermissibly vague in violation of the First and Fifth Amendments to the United States Constitution;

17.    A declaration that the copy retention requirements of 28 C.F.R. § 75.2(a)(1)(i) and (ii) of the Attorney General's final rules effective June 23, 2005, do not survive strict scrutiny analysis and violate the First Amendment of the United States Constitution;

18.    A declaration that the copy retention requirements of 28 C.F.R. § 75.2(a)(1)(i) and (ii) of the Attorney General's final rules effective June 23, 2005, do not survive intermediate scrutiny analysis and violate the First Amendment of the United States Constitution;

19.    A declaration that 28 C.F.R. § 75.6 of the Attorney General's final rules effective June 23, 2005 exceeds the authority of the Attorney General, and that the Attorney General is without power to mandate that the labels required by 18 U.S.C. § 2257 contain the title of the matter and the date of its production, manufacture, publication, duplication, reproduction, or reissuance;

20.     A declaration that 28 C.F.R. § 75.6(b)(2) is impermissibly vague in violation of the First and Fifth Amendments to the United States Constitution;

21.    A declaration that 28 C.F.R. § 75.8(d) is impermissibly vague in violation of the First and Fifth Amendments to the United States Constitution;

22.    A declaration that the labeling provisions of 28 C.F.R. § 75.8(b) and (c) of the Attorney General's final rules effective June 23, 2005 are impermissibly vague in violation of the First and Fifth Amendments to the United States Constitution;

23.    A declaration that the record-keeping duty imposed on producers by 18 U.S.C. § 2257 and its implementing regulations violates the constitutional protection

against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution;

24.      A declaration that the 18 U.S.C. § 2257(h)(4) definition of "performer" is impermissibly vague in violation of the First and Fifth Amendments to the United States Constitution;

25.      A declaration that 18 U.S.C. § 2257 and 28 C.F.R. Part 75, effective June 23, 2005, impermissibly burden and chill the exercise of First Amendment rights;

26.      A declaration that the regulations contained in 28 C.F.R Part 75 are content based restrictions of speech that do not survive strict scrutiny under the First Amendment of the United States Constitution;

27.      A declaration that the regulations contained in 28 C.F.R Part 75 are not lawful content neutral regulations of speech protected by the First Amendment of the United States Constitution;

28.      A declaration that  28 C.F.R Part 75 is substantially overbroad in violation of the First Amendment of the United States Constitution;

29.      A declaration that the disclosure provisions of 18 U.S.C. § 2257(e)(2) and 28 C.F.R. § 75.6(b)(2) of the Attorney General's final rules effective June 23, 2005, violate the rights of producers regulated by the statute and its implementing regulations to privacy, liberty, and due process of law as guaranteed by the United States Constitution;

30.      A declaration that the personal information collection and disclosure requirements of 18 U.S.C. §2257 and 28 C.F.R Part 75 violate the rights of performers

in visual depictions regulated by 18 U.S.C. §2257 to privacy, liberty, and due process of law as guaranteed by the United States Constitution;

31.    A declaration that the inspection provisions of 28 C.F.R. § 75.5 are unconstitutional in violation of the Fourth Amendment to the United States Constitution;

32.    A declaration that the disclosure and identification document provisions of 28 C.F.R. §§ 75.1(b) and 75.2(b) violate international law.

33.    An order granting a temporary restraining order and/or a preliminary injunction should such an order or orders become necessary to protect interest of the Plaintiffs or their members;

34.    A permanent injunction restraining, enjoining and prohibiting Defendants, and their officers, agents, and employees from enforcing, applying and implementing the Act;

35.    An Order awarding Plaintiffs their costs of this action and their reasonable attorney fees; and

36.    An award of such other relief in law and equity that this Court deems just and proper in the premises.

Respectfully submitted,

_____s/Roger W. Wilcox, Jr._____
PAUL J. CAMBRIA, JR.
ROGER WILCOX
LIPSITZ, GREEN, FAHRINGER, ROLL
SALISBURY & CAMBRIA LLC
42 Delaware Avenue, Suite 300
Buffalo, New York 14202-3901
(716)849-1333

_s/H. Louis Sirkin_
H. LOUIS SIRKIN
JENNIFER M. KINSLEY
Sirkin Pinales & Schwartz LLP
105 West Fourth Street, Suite 920
Cincinnati, Ohio 45202
Telephone: (513) 721-4876


_s/Michael W. Gross_
ARTHUR W. SCHWARTZ
MICHAEL W. GROSS
Schwartz & Goldberg PC
1225 17th Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 893-2500

Attorneys for Plaintiffs:
Free Speech Coalition and its members,
Free Speech Coalition of Colorado and its
members,
David Connors,
Lenjo, Inc. d/b/a New Beginnings Ltd.

Plaintiffs' Addresses:
FREE SPEECH COALITION, INC.
22968 Victory Boulevard
Suite 248
Woodland Hills, CA   91367

Free Speech Coalition of Colorado
1901 West Littleton Boulevard
Littleton, Colorado 80120

DAVID CONNORS
3969 Mahaila Avenue
San Diego, CA 92122

LENJO, INC. D/B/A NEW BEGINNINGS LTD.
12445 Gladstone Avenue
Sylmar, CA 91342